case number 22-5263 Andrew F. Clyde individually in his official capacity as a member of the U.S. House of Representatives et al. appellants versus William J. Walker in his official capacity as Sergeant-at-Arms of the U.S. House of Representatives and Katherine Spindor in her official capacity as Chief Administrative Officer of the U.S. House of Representatives. Mr. Cuccinelli for the appellant. Mr. Berry for the appellees. Good morning. Good morning, counsel. I think I still have one minute to say good morning. Mr. Cuccinelli, please proceed when you're ready. Apologies to the clerk. If I could reserve two minutes for rebuttal, I would appreciate it. I'm Ken Cuccinelli for the appellants in this matter. And as this court pointed out in Vander Jack in 1982, it's not the judiciary's role to tell Congress what rules they should adopt, but it is the judiciary's role to tell Congress what they cannot adopt or implement when those implementations are unconstitutional. The issue before this court is whether any constitutional protections may exist in the presence of the House's rulemaking power. The district court's dismissal of the case below effectively nullified the individual protections of the members under Article I, Section 5, and under the 27th Amendment. And we respectfully suggest that this court should undertake three steps in overruling the district court below. First, with respect to subject matter jurisdiction, that it does exist. And I'll address that momentarily. That the speech or debate clause defense is inapplicable as a bar in this case and to reach the merits of the case itself. A subject matter jurisdiction is interesting in the D.C. Circuit. It clearly exists in this case, but the nomenclature of this circuit has, with all due respect, been wrong for 50 years. This court's case law uses the word jurisdiction, but does speech or debate clause defense analysis, which is exactly what the speech or debate clause were jurisdictional in the manner described frequently, at least in terms of the words used. The Supreme Court wouldn't have reached perhaps any of the speech or debate clause cases. Mr. Cuccinelli, are you asking this panel to overturn the precedent of this circuit, which is something that we lack the authority to do? No, I'm not, Your Honor. If you want to keep using the word jurisdiction, that's fine. Kilbourn uses the word defense. The Powell Court helpfully listed the six arguments that they were going to address. One was your subject matter jurisdiction. Another was the speech or debate clause. I would just point out that the district court here did what often happens is they call, they said they were dismissing the case for So you can, it doesn't have to be subject matter jurisdiction, right? I think our cases have used the term jurisdiction. I don't recall one that actually said subject matter jurisdiction. So if it's jurisdiction, that just means it's a thing that we address at the threshold. And if it's not subject matter jurisdiction, then it could be type of the type of jurisdictional argument like sovereign immunity or something that can be waived by failure to assert it. But here it's been asserted. It has been asserted. We have, and we have cases that speak of it in term, in jurisdictional terms, more than one decision. And so then it's an issue that we address at the threshold, whether the speech or debate immunity applies. And so let me address that. The error in analysis of the district court below was in this speech or debate clause analysis, treating the acts at issue as somehow of a non-dis, as it couldn't be separated from the passage of H.R. 73. Instead of dealing with it as analyzing the implementation of H.R. 73, acknowledging that the passage of H.R. 73 is entirely protected under the speech or debate clause. But the context, which is the word used by the district court below, that it relied upon to convert what it called on page eight of its own order, administrative functions, into legislative acts, as that phrase is used in speech or debate clause analysis, was the context of being the subject of a House rule, the product of a House rule, the majoritarian power of the House to write its own rules. Mr. Ciannilli, you don't question that enacting a rule of proceeding is not within the jurisdiction of the House. Right, I do not. And you are not alleging that this particular rule establishing security procedures is itself unconstitutional? On its face, no. In implementation, it is. But not on its face? Right. Yes. So H.R. 73 says nothing about magnetometers. It just refers to security. But you don't think the use of magnetometers would be unconstitutional? Well, it impeded members from voting, including Representative Clyde, one of the plaintiffs here. We cited others who couldn't vote because of how this rule was implemented on their most fundamental responsibility. And the fines were assessed for literally just be called disorderly behavior. And the problem that the House hasn't addressed is the elimination of the individual members protections that are explicit in the Constitution. The disorderly behavior restriction is a restraint on the power of the House's ability to punish members and therefore to pass rules, not to pass the rules, but the nature of the disorderly behavior. And you think that's a standard that is susceptible to judicial determination? Well, if it isn't susceptible to judicial determination, then it is left to the House to determine for itself. And that is a classic wolf guarding the sheep. That's the House just saying trust us. And the court clearly reaches many speech or debate clause cases. And we believe that they should overrule the court below, reach this one, and address the merits that the actions to implement H.R. 73 were not legislative acts. So sometimes implementation acts can be legislative acts. Yes. Obviously, sometimes they can be. And so the question is, where does this one fall? And the Supreme Court's language in Gravel says in deciding whether something counts as a legislative act, even though it's not a court speech or debate, that it must be an integral part of the deliberative and communicative processes by which members participate in House proceedings. And so you're not taking issue with the proposition that determining the conditions under which somebody goes on the House floor and who goes on the House floor is an integral part of the communicative processes, deliberative processes by which members participate in House proceedings. Your argument is that even if that's true, imposition of a fine and exaction of the fine is not. Is that understanding your argument conceptually correctly? Very close. Okay. So I would say that a security rule that in any way impedes the access of the members to the floor does trigger a constitutional problem. I mean, they're missing votes. So you may have an argument on the merits about whether it triggers a constitutional problem. I guess what I'm trying to understand is, is it within the fold of speech or debate clause immunity? Okay. And on that, I didn't understand you to take issue with the proposition that having a rule about who can come on the floor and what conditions they come on the floor to engage in the deliberative and communicative processes by which members participate in House proceedings, because that's what happens on the floor. I didn't understand you to say that that filter was itself something that's outside of speech or debate. I mean, correct. So what you're focused on is the overstate. Yes. And what you're focused on is even if that's within speech or debate immunity, the exaction of the fine as the consequence of violating the thing that we just said is within speech or debate immunity. That's outside of speech. That's the way you can see. So on the former, what we call the doorkeeping role is not a legislative act. So we would not concede that that is an intimate part of the legislative process. That doesn't suggest there can't be some security mechanism for accessing the floor as does exist. However, that is not a legislative function done by members as members to use some of the other court phrasing. And the function is actually got a finding from the Third Circuit, a holding that it is not a legislative function. So why didn't you challenge that? Well, we did. I thought I thought what you were challenging is the fine and the well and the the the extraction of the fine. Right. Well, yes. Under the 27th Amendment, I'm just not leaving aside the disorderly behavior protection for the is somehow disorderly or embarrassing to the House. If the House gets to define disorderly via passing a rule, then we've written disorder, the disorderly behavior protection out of the Constitution, out of Article one, Section five. Both have to be able to exist together. And that does, Your Honor, require a judicial description of what are those boundaries. It's describing those boundaries is the province of the court. And because these are not legislative acts of themselves, the doorkeeping function and the payroll function of this case should not have been dismissed and it should have reached the merits. And by the way, I would note that addressing whether these acts are legislative is not a merits question. That is only the merits question is only accessed by determining that they are not. Right. Deciding whether the legislative acts goes to speech or debate immunity. Yes. Not to the ultimate merits of your claim. But it's so you don't think that determining the conditions under which members access the floor for purposes of engaging in the I think you at least agree that what members do on the floor is an integral part of the deliberative and communicative processes by which members participate in house proceedings. Yes. I can't think of examples when I would not agree with. Right. Right. And so then determine determining the conditions under which members come onto the floor to do that you don't think is an integral part of the communicative deliberative and communicative processes by which members participate in house proceedings. So this starts to get awfully close to the court's allowance for the house to make rules. It has no say in that. But to only step in when the those rules in implementation somehow violate other constitutional rights the language of Ballin and Vander Jack. And that's the situation here. The way this was implemented was impeding votes of members. It actively blocked people including one of my three clients from a vote. Their most fundamental undertaking. And and the sergeant at arms the doorkeeper assigned applied the fine. The chief administrative officer collected the fine. But it was the sergeant at arms the doorkeeper who decided that the rule was broken and the implication being assuming there is a protection against being fined for disorderly behavior that the member had committed disorderly behavior. And what's that. So we have a case consumers union for example which has to do with whether a press entity can get in the gallery of the house chamber. And we held that the enforcement of that rule which prohibited the press entity from getting into the gallery was within speech or debate immunity. So that case couldn't go forward. And this case is about whether a member can get to the floor if it's if it's their speech or debate immunity for whether a press entity can get to the gallery of the floor. How is there not speech or debate immunity or whether a member can get to the floor. So judging by your question your honor I would flip it around. There is much more opportunity to control the access of non-members than of members which is what was done in the consumers union. And I would point out the members themselves personally made those decisions for the first hundred years of the house about which press got to access the floor. So when you think of what are things that members do as members the consumers union case spells out the history that members did this. They clearly thought that press access to their proceedings was an intimate part of the legislative process presumably because of the communication back and forth to constituents where but they were non-members. And when they were on the floor they were lobbying members while legislation was under consideration. And so they were removed from the floor up to the gallery. And at a certain point the congress delegated the decision because there are only so many seats of deciding who may access that gallery to essentially a commission of non-members but did maintain voting control over those decisions in a way that was not maintained with H.R. 73. So you have non-members who were literally lobbying on the floor in the midst of legislative consideration who were removed from the floor. And speech or debate clause protection was provided because the context which is what I feel like there's fourth judge here judge Ginsburg and Walker analyzing consumers union talked about this context and the atmosphere of of legislation on the floor. But that atmosphere was with respect to non-members who are lobbying members on the floor. But with non-members members I guess it seems to me if we're talking not about the merits but about speech or debate immunity the fact that this case involves members seems like it more squarely implicates speech or debate immunity than less squarely implicates it because it actually has to do with members on the floor as opposed to non-members in the gallery. So the reason it is less applicable one is because I don't think anybody would dispute that house members have the right to access the floor that press members don't. This is the place where their job happens where the legislating happens. So in that sense there is that's one removal of consumers union. Another is there are no member rights that press members have that my clients do and that is not to be punished for behavior that isn't disorderly even if they have to comply with certain requirements. They there's no allegation that any other rule or any other requirements weren't in compliance by any of the members and then they also when the when the fines are removed from their pay that varied their pay downward it lowered their pay contrary to the 27th amendment that's not a legislative act the the payroll function as the third circuit held. And are you indicating that we should analyze that separately essentially the administration of the rule versus the enforcement of the rule? Yes your honor well no no I'm sorry I heard you wrong the implementation of the the two parts are the passage of the rule which the house clearly has the power to pass rules and this court and the supreme court have always made clear we're not going to invade the province of the house's rulemaking power however when rules that in implementation either violate other individual or constitutional rights or illegal in some way that portion of this chain of causation may be reviewed by the courts and has been repeatedly by this court and by the supreme court. That's what I meant though if if any time a member raises one of these arguments and then we decide that there's not speech or debate immunity I mean won't that I mean how would that not impact the independence of congress as a as a separate branch? So uh if I could bring three pieces together in answering that one I'd compare to the McCarthy case two years ago where the act again skipping the the voting to implement how they vote but the implementation was about voting I mean it was about as intimate an element of the legislative process as you can get then you have the Ballin case that was about quorum determining quorum and voting so you know those kinds of implementations of these truly legislative elements I don't think the court could ever get into however where um there are specific other protections like the disorderly behavior protection like the protection of unvaried salary that if the court doesn't is that if there is like a an invasion of the members constitutional rights and and so the way that members vote or you know some of those questions I mean those could easily be re-characterized as invading the members constitutional powers. Well and in the early 80s and then those would be those would be reviewable also by this court which I which would be you know in tension with this court's even very recent precedents. I fully recognize the the tension between the two branches and which is also first and most respected by the courts without exception hands-off approach to the house passing rules and not sitting in judgment of any of them ever but again how some of them do get enforced is another matter this feature debate clause is intended to maintain the independence you reference and perhaps more critically to not have legislators bothered and taken from their legislative function by being dragged into court and that's not who's here that is not who we sued we did not sue the speaker we did not sue the members we sued those who were implementing in a way that violated constitutional rights house rule 73 so we're respecting that difference and it isn't that the court never has a role to play we believe the court does have a role to play here and that we're asking for a respectful resolution by respectful I mean respectful of the differences between the two branches but also not allowing the writing out of individual protections a la ballon from the have additional questions for you at this time we'll have from the council of the house Mr. Berry  House Resolution 73 was controversial every member of the current house leadership voted against it believing it to be misguided and the security screening requirements contained in the resolution were not reimposed at the beginning of this conference but this case is not about the wisdom of House Resolution 73 rather it is primarily about whether appellant suit is barred by the clause and then if their suit is not precluded whether the fines for violating the resolution run afoul of the 27th amendment or the constitution's discipline clause and if I may turn to some of the points that my friend made I think that the attempt to divorce the enforcement and administration of the resolution with the implementation or adoption of the resolution just is not consistent with precedent as a chief judge pointed out in McCarthy in discussing the consumer regime case this court specifically said that the speech or debate clause applied to the administration and enforcement of rules governing seating and press galleries not just the promulgation of and so too should be the case here particularly in an instance where the where you're dealing with the regulation of member conduct and the members actually on the floor not just in the gallery which I think is the chief judge indicated is even more core to the legislative process the second thing I would note is that I think that there's an argument that it's even if that's true even if members on the floor are more core than non-members in the gallery their argument is that voting is more core than exact than withdrawal of salary so what and what's your response to that because I think you're right that per McCarthy and per other decisions consumers union itself and gravel seems to presuppose that implementation definitely can be a legislative act but the question becomes is the implementation at issue a legislative and I think it is your honor because as part of the scheme that regulates the very atmosphere in which lawmaking deliberation occurs I also think it's a legislative act because it's part of the congressional discipline proceeding as a legislative matter that the constitution's places within the jurisdiction of the house and then what that what this court said in Rangel was the censure that was the end product the execution of the disciplinary proceeding was not judicially reviewable it was protected by the speech or debate clause in this instance was not a censure with the results of the disciplinary proceeding it was a fine but I don't see why the principle of the legislative act being an execution of a judicial of a disciplinary proceeding would be the same the censure was was promulgated by members it was but there was a clerk had a role in actually implementing the censure and placing it up even the congressional practice um and so but I think that what we're talking about here is not only a disciplinary proceeding but a regulation of the very atmosphere in which lawmaking deliberations occur and my friend has mentioned ballon a number of times in the oral argument in the brief but I think the key thing is that alan is not a speech or debate clause case there was no congressional party that was a party to that case and the speech or debate clause issue was never raised so they all and cannot speak to the issue of whether certain things are legislative acts and whether you look to the speech or debate clause first and decide that immunity question before you turn to the merits of whatever claim there is that the house rule is in violation of the constitution and I think with respect to the issue here it once you say that it's a legislative act for instance it does not matter whether we're talking about members or non-members the the uh my learned friend says that while non-members are not being bothered they're not being hauled into court uh members are not being bothered not being hauled into court and thus the purpose of the clause is is satisfied if you're only suing non-members but that is not consistent with this court's precedent it's not consistent with what this court said in McCarthy it's not consistent with Gravel because part of the purpose is that the legislative branch as a whole the can be a hostile judiciary it's a separation of powers issue and so the fact you're talking about officers of the house who are appointed by the speaker uh versus members of the house um that the the distinction there is not relevant in for purposes of speech or debate clause in terms of what the underlying function so you're oh go ahead um mr I was going to ask you um is there any circumstance in which you know the house enacts a rule of proceeding and implements it that a challenge to the rule or its implementation could be cognizable by this court is are all rules of proceeding and all implementation of such rules beyond judicial cognizance well number one I certainly don't think to win this case the answer to win this case the answer from that question has to be yes um and I'm not going to assert given the scope of house rules that there can never be a house rule the implementation of which um would not would not be covered by the speech or debate clause it is I would concede the possibility there could be house rules that regulate things that are not do not fall within what we would consider legislative acts um but I think again here we have very specific case law on point in terms of the press gallery case precedent about regulating the very atmosphere in which uh the uh deliberations of the congress apply the wrangle precedent in terms of congressional discipline being a matter that's within the jurisdiction of the legislature the execution of that discipline not being covered so the fact that there may be cases where you could challenge house rules in the speech or debate clause would not apply I don't think means that in this well I take it under your the house rules I don't know how broad the power the house rules power ranges but under the supreme court's precedents that we've adopted um in our in the letter of our decisions in order to fit within speech debate immunity the matter at issue meaning what's covered by the house rule has to be an integral part of the deliberative and communicative process by which members participate house rules that do not meet that test for instance if there's a house rule saying that um there are going to be tacos served in the house cafeteria every Tuesday uh I do not believe that we would claim that's protect the execution of that would be protected by speech or debate by someone who really wanted their tacos excuse me not even by a member who really wanted their tacos I mean if on Wednesday you know um no but in more serious notes something regulating that for instance well we have a case for example with the restaurant food service worker and it's a yes so I'm not claiming this I don't know how there could be house rules there probably are house rules to which the legislative act test is not met what I'm saying is in this case I very much believe and precedent indicates that the legislative act test is this case doesn't indicate any boundary issue is what you're suggesting oh no I think it is and we're talking about magnetometers that were placed directly outside the house chamber after January 6th and um I think that it regulates the very atmosphere in which the lawmaking delivery so that might but I but I and I mean I think there was some resistance to that too but even if that does the question is does the consequence of not going through the magnetometer i.e the imposition of the fine and the exaction of the fine for the salary is that integrally related to there is an integral part of the communicative process by which members participate in house proceedings and I must say your honor pursuant to this course precedent the answer is yes because the administration and enforcement of the press gallery access rules was deemed to be a legislative act acted by speech and debate clause immunity and the execution of congressional discipline whether it be by censure or a fine is considered to be a matter that is within the jurisdiction of the house and was protected by speech or debate clause I mean in consumers union there wasn't the imposition of a fine it was just that the entity that wanted to get in wasn't allowed to get in and so I so so from your view if the consequence of trying to get in when you don't have the pass to get in is that you're subject to a fine and then that entity tried to challenge the imposition of the fine you'd still say let's that's a legislative act I would say that and that's absolutely um and if I know my time's running out if I could briefly turn to the merits of the two claims here at issue uh with respect to this make sure there's not additional questions on feature debate immunity because that's the that was what the case the district court decision rested on but just whether or not we need to bifurcate the screen versus the fine right again I think that the district court was correct you're talking about a scheme regulating of the behavior on the house and that the the enforcement aspect of it is an integral part of the scheme so I think the district court was right on that and it's supported by the fact that in consumers union this court did not distinguish between the promulgation of the rule the administration of the rule and the enforcement of the rule they saw it also as a scheme and the fact that this is disciplinary proceeding and the wrangle court court decision teaches at the enforcement of the discipline the implementation of the discipline is protected by this feature debate clause and I don't think the fact this is a fine versus a censure matters in terms of the protection that's given to the congressional discipline of proceeding one follow-up question on that and then we'll just give you a brief minute to talk about the merits but how versus McCormick so that involved two measures that were implementation measures one was withholding of the salary and the other was the doorkeeper kept going into the chamber and those the supreme court said there was no speech and so your distinction of that is well I would have three answers your honor the first is a technical matter it was the back pay issue that was not moved by the time that the court that reached the court but secondly is your honor said in the McCarthy case the best way to interpret Powell is that these were not legislative acts I think the most logical way of looking at it is that the wholesale exclusion of a member from the body meaning that they don't get paid they're not considered to be a member one of the things that you don't get to go on the floor the wholesale exclusion is not a legislative act that's very different than a rule of general applicability which regulates members conduct and says that it doesn't stop you from getting on the floor but if you go on the floor without going through security screening you're going to get fined I also think that there's certainly tension between the reasoning and Powell between members versus non-members and what came later in terms of rebel in western later in terms of this even this court's precedent such as a McCarthy and then just very briefly on disorderly behavior I think that the dictionary definitions whether it be at the time or now give a definition of disorderly behavior as being contrary to the rules contrary to law and I think that the precedents indicate this that the congress has very broad discretion to define disorderly behavior and if there's a rule it says you have to go get a security screening before going on the house floor you don't go through the magnetometer I think it is reasonable to say that that is not consistent with order to behavior if I show up to the you know the airport and say I'm not going to go through the magnetometer at the checkpoint I'm just going to walk around it I don't think many people would say that that's ordered behavior I think a reasonable person would say that's disorderly behavior second with respect to the 27th amendment issue as I understand their brief they're not challenging the imposition of the fine they're saying the method of collection is unconstitutional but I we strongly believe that's not the case they're given 90 days to pay the fine if not then it gets deducted from one's paycheck there are many reasons why deductions are made from one's salary for the compensation for services for instance if you don't pay your child support you can have your wages garnished deducted from your salary people don't say that if your wages are garnished for not paying child support your salary your compensation for services that's been reduced your salary is the same but some of it is just diverted from enough for another purpose here the salary the compensation has not been changed but some of it has been diverted for paying the debt that they owe to the house because they haven't paid their fine and there's a specific statute on the books that allows the house to collect debts due to adoptions from the paycheck so your honor I think even if you get to the merits the district work has still be affirmed but I think pursuant to this court's decisions and consumers union McCarthy and Rangel it is clear these are legislative acts and that future debate was going to be applied and just ended at the end of the last conference so the way they did it is they divided it up so that when the fines were imposed a certain amount was taken out of paycheck so that the fine would be satisfied by the end that's what happened with respect to that congressman gomer now the other two appellants um basically had almost their entire paycheck was being withheld for tax purposes so all that could be done was that it could be deducted about a dollar a pay period so for Mr. Clyde Mr. Smucker they had to pay I think roughly about 18 dollars in fines that's all that the house was able to take but they're not having deductions anymore because the ability to collect the fine ended and is that something um the house has been doing over time being deducted from so so that has been the statute allowing deductions for debt has been on the books for many many years and that is a way that has been that this has been implemented but it's also the case that he finds the collection of fines ends at the end of the congress when defined was imposed because the house unlike the senate is not a continuing body the house congress ends at the of the current congress as was rather rather dramatically portrayed at the beginning Mr. Berry you said it was a statute that allows for the garnishment fine or is it there's a statute that allows for the deduction of debts owed to the house but it's a statute yes and it we did thank you counsel distribution alley will give you the two minutes for rebuttal yes thank you your honor first i would start with the lack of general applicability of these signs even the child support example and hatter is analogous with the judiciary 20 years ago but these are fines directed to specific members taken specifically from their pay and when you read hr 73 it was written to take it from the pay um and uh Mr. Berry correctly described the financial results for my three clients and it perfectly exemplifies one of the concerns of the founders in putting the 27th amendment in and it having been passed and that is that they're not that pay not be able money not be able to be used to put pressure on members that would make a difference between poor men and and rich men then now women as well being representatives in congress and here we have a real live example of it i would also point out that in powell the exclusion of a member by the doorkeeper and the and the payroll deduction are about as close on point to the factual acts at issue here as you could find now the court didn't go out of its way to make holdings specific to them but implicitly the supreme court in powell found both the doorkeeper function and the payroll function to be legislative acts otherwise they could not have then reached the end of the case that they did and recently we provided the court the third circuit case where it was an actual holding of the third circuit under speech or debate clause analysis finding the payroll function in a pennsylvania legislative subpoena case to be a legislative act so that's the only holding that we're aware of which is why we provided the court and and thus the the lower court should be overruled on that basis and just with respect to wrangle i would note that the house went through its ordinary discipline process the whole house voted on the censure that was determined by the house to be disorderly behavior that doesn't mean it automatically is under the constitution but that wasn't a basis on on which it was challenged and what was done there was a legislative act the reading of a censure there was no fine here the power was delegated to the sergeant at arms in the doorkeeper function to essentially write a ticket and he wrote a ticket to my three clients one of them twice and so they owe fines there is not a vote of the house as there was in wrangle the ethics committee that was sort of the appellate body was divided evenly on a partisan basis five five and so the majoritarian abuse that is the beginning of this case can't be addressed in an equally divided committee and it was probably designed that way but that's not for us to question here it is for recognize that the process there was not an ordinary legislative process that relied on a majority vote to determine what had happened in each of these instances thank you all very much thank you counsel thank you to both council we'll take this case on for submission
judges: Srinivasan, Rao, Childs